

ORDERED in the Southern District of Florida on April 8, 2014.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
<u>MIAMI</u> DIVISION
www.flsb.uscourts.gov

In re:

YOLENE FRANCOIS                                   Case No: 13-25930-RAM
                                                  Chapter 13
_____Debtor___/

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO BANK, NATIONAL ASSOCIATION AND FEDERAL NATIONAL MORTGAGE ASSOCIATION**

THIS CASE came to be heard on <u>March 28, 2014 at 10:00 am</u> on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE __52__ ; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at

<u>1041 NE 178th Terrace, North Miami Beach, FL 33162</u>, and more particularly described as

Lot 4, Block 6, of WINDWARD MANOR NUMBER TWO, according to the Plat thereof, as recorded in Plat Book 64, Page 12, of the Public Records of Miami-Dade County, Florida.

is $ 144,500.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Wells Fargo Bank, National Association (the "Lender") is $ 0 .

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ 144,500.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 144,500.00 .

3. Because Lender's secured interest in the Real Property is $144,500.00, Lender's mortgage recorded on October 30, 2002 at OR BOOK 20762 Page 0375 of the official records of Miami-Dade County, Florida has a principal balance of 144,500.00 at the time of filing this case and the remainder shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. The foreclosure judgment entered pursuant to the mortgage and recorded on November 9, 2012 at OR Book 28352 Page 2377 in the official records of Miami-Dade County, Florida held by Federal National Mortgage Association ("Foreclosure Judgment") has a principal balance of 144,500.00 at the time of filing this case and the remainder shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case

under any other chapter or if the chapter 13 case is dismissed, that portion of the Lender's mortgage and the Foreclosure Judgment which were voided, will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

   __  Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

   _X_  Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ __45,569.45__ , regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

7. This order resolves the evidentiary matter set for March 28, 2014 at 10:00 am pursuant to Order Shortening Time for Discovery and Setting Final

Evidentiary Hearing (DE #143). Based upon the required repairs, the parties agreed to a reduction in the amount of $9,000.00 from the appraised valuation of $153,500.00, resulting in the value of the Real Property listed in Paragraph A, above.

###

**Morris duPont, P.A.**

_/s/ Michele L. Hanash_
Michele L. Hanash, Esq.
Florida Bar No. 26186
8785 NW 13 Terrace
Miami, Florida 33172
305-444-3437 - Phone
305-444-3457- Fax
Michele@morrisdupont.com


Attorney  Michele Hanash    is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.