

ORDERED in the Southern District of Florida on December 28, 2016.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

YOLENE FRANCOIS            Case No: 13-25930-RAM

Debtor            Chapter 13

_____/

**CORRECTED AMENDED AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO BANK, NATIONAL ASSOCIATION AND FEDERAL NATIONAL MORTGAGE ASSOCIATION**

**(Amended to Correct Typo)**

THIS CASE came to be heard on March 28, 2014 at 10:00am on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 52 ; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at:

<u>1041 NE 178th Terrace, North Miami Beach, FL 33162</u>, and more particularly described as:

Lot 4, Block 6, of WINDWARD MANOR NUMBER TWO, according to the Plat thereof, as recorded in Plat Book 64, Page 12, of the Public Records of Miami-Dade County, Florida.

is $ 144,500.00 at the time of the filing of this case.

B.   The total of all claims secured by liens on the Real Property senior to the lien of Wells Fargo Bank, National Association (the "Lender") is $ 0.

C.   The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ 144,500.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 144,500.00 .

3. Because Lender's secured interest in the Real Property is $144,500.00, Lender's mortgage recorded October 30, 2002 at OR BOOK 20762 Page 0375 of the official records of Miami-Dade County, Florida has a principal balance of $144,500.00 at the time of filing this case and the remainder shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. The foreclosure judgment entered pursuant to the mortgage and recorded on November 9, 2012 at OR Book 28352 Page 2377 in the official records of Miami-Dade County, Florida held by Federal National Mortgage Association ("Foreclosure Judgment") has a principal balance of $144,500.00 at the time of filing this case and the remainder shall be deemed void and shall be extinguished automatically, without further order of  the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is

converted to a case under any other chapter or if the chapter 13 case is dismissed, that portion of the Lender's mortgage and the Foreclosure Judgment which were voided, will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

   __ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

   Or

   X   Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $45,569.45, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

7. This order resolves the evidentiary matter set for March 28, 2014 at 10:00 am pursuant to Order Shortening Time for Discovery and Setting Final Evidentiary Hearing (DE #143).

8. Payment on Lender's allowed secured claim of $144,000.00 was made directly to the Lender by the Debtor for months 1 through 7, for a total of $6,761.51. Lender's allowed secured claim shall be paid to the Lender through the Plan at the contractual monthly mortgage payment amount of $965.93 for months 8 through 36, for 29 total payments within the Plan, for a total of $28,011.97 paid through the Plan. The Lender's allowed secured claim will accordingly not be paid in full through the Plan, as only $34,773.48 of the allowed secured claim is being paid during the course of the bankruptcy. The payments made during the course of the Debtor's bankruptcy shall be applied towards Lender's allowed secured claim, reducing the balance. Following the conclusion of Debtor's bankruptcy, the resulting balance left on the allowed secured claim, after subtracting all payments made during the course of Debtor's bankruptcy, will continue to be payable according to the contractual monthly mortgage payment after the conclusion of the Plan and entry of the Debtor's Chapter 13 Discharge. The general unsecured claim in the amount of $45,569.45 shall not be included in the resulting balance and will be discharged.  The Lender shall retain its mortgage lien on its allowed secured claim only, until the post-bankruptcy resulting balance on the allowed secured claim has been fully paid with interest. The contractual monthly mortgage payment of $965.93 is as set forth in the Initial Escrow Account Disclosure Statement attached to the Lender's Proof of Claim 10-1.

###

**Submiited by:**
**Morris duPont, P.A.**
_/s/ Michele L. Hanash_
Michele L. Hanash, Esq.
Florida Bar No. 26186
1200 NW 78th Ave., Ste. 300
Miami, Florida 33126
305-444-3437 - Phone
305-444-3457- Fax
Michele@morrisdupont.com
_____

Attorney <u>Michele Hanash</u> is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.