UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                          CASE NO.: 13-25930-RAM
YOLENE FRANCOIS                                 CHAPTER: 13

      DEBTOR(S).
_____/

## MOTION TO RE-OPEN CHAPTER 13 CASE

*(for the limited purpose of filing a Motion to Vacate the Corrected Amended Agreed Order Granting Motion to Value [DE #267])*

SECURED CREDITOR**, Wells Fargo Bank, N.A.** ("Creditor"), by and through its undersigned attorney, hereby moves for the above referenced Case to be reopened for the sole purpose of filing a Motion to Vacate the *Corrected Amended Agreed Order Granting Motion to Value and Determine Secured Status of Lien on Real Property Held by Wells Fargo Bank, N.A.* (the "Corrected MTV Order") [DE #267]; and in support states the following:

1. On July 4, 2013, the above Debtor's filed a Voluntary Petition for Relief pursuant to Chapter 13 of the United States Bankruptcy Code.

2. Creditor holds a first lien position in relation to real property located at **1041 NE 178th Street, North Miami Beach, FL 33162** (the "Subject Property").

3. Jurisdiction in this cause is granted to the Bankruptcy Court pursuant to 28 USC §1334 and 11 USC §362, and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court generally.

4. On February 2, 2016; the *Amended Agreed Order Granting Motion to Value* [DE #216] (the "Amended MTV Order") was entered in relation to the Subject Property. In the Initial Amended MTV Order, the Subject Property was valued at **$144,500.00** and

> *"paid at the contractual monthly interest and principal mortgage payments of **$965.93** for months 8 through 36, for 29 total payments within the Plan, for a total of $28,011.97 paid through the Plan"* and *"[f]ollowing the conclusion of the Debtor's bankruptcy, the resulting balance left on the allowed secured claim, after subtracting all payments during the course of Debtor's bankruptcy will continue to be payable according to the regular*

*monthly mortgage and interest payments after the conclusion of the Plan and entry of the Debtor's Chapter 13 Discharge."*

5. On December 27, 2016; the Debtor filed an *Ex Parte* Motion to Amend Order to correct a typo [DE #267] (the "Ex Parte Motion"). Pursuant to the Debtor's Ex Parte Motion, the Mortgage sets forth the contractual monthly interest amount of 6.7% on the unpaid principal, and Lender's ability to collect for escrow, and a principal and interest payment of **$745.30**. Essentially, the Debtor filed the motion (on an *ex parte* basis) to correct an alleged mistake in the Amended MTV Order in relation to contractual payment that the Debtor should be bound by in relation to the crammed value.

6. The "Corrected" Amended Order Granting Motion to Value Secured Status was entered on December 29, 2016 [DE #267].

7. The Debtor filed an ex parte motion that sought to materially change the terms of the cramdown. The original loan entered into between the Debtor and Creditor (dated October 16, 2002) was for **$115,500.00** at 6.7% with a maturity date of November 1, 2032 with a P&I component of **$745.30**. The Debtor's cramdown is a hybrid of the crammed value of $144,500, contractual P&I amount, and loan maturity pursuant to the original terms of the note/mortgage. The original agreed upon payment of $965.43 would still keep the Debtor on track to pay off the loan without negatively amortizing.

8. The P&I payment of $745.30 was based on an original unpaid principal balance of $115,500.00 – not the Court approved secured claim of $144,500.00. Because the Debtor's "cram" is actually higher ($144,500.00) than the original loan amount ($115,500.00), the original terms of the loan will negatively amortize if the Debtor were to have a P&I component of $745.30 – resulting in a large balloon payment at maturity.

9. After the case was discharged, the Debtor continued to make payments in relation to the Amended MTV Order (P&I of $965.43); and – to date – the Debtor is at or near current according to Creditor's records.

10. The undersigned counsel and the counsel for the debtor have been attempting to reach an amicable resolution without the court's intervention; however, the parties have been unable to arrive at a mutual agreement.

11. Movant seeks to reopen the Bankruptcy case for the purpose of the filing a Motion to Vacate the Corrected Agreed Order entered on December 29, 2016 [DE #267].

WHEREFORE, **Wells Fargo Bank, N.A.** prays this Court to enter an Order re-opening the bankruptcy case, together with such further relief and this Honorable Court deems just and appropriate.

/s/ *Jeffrey S. Fraser, Esq.*
Jeffrey S. Fraser, Esq.
FBN 85894
813-221-4743 ext. 2499
**Albertelli Law**

ALAW FILE NO. 16-024972

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list on this 31st day of August, 2018.

**SERVICE LIST**

Yolene Francois
5929 NW 2 Avenue
Miami, FL 33127

Michele L. Hanash
1200 NW 78th Ave., Ste 300
Miami, FL 33126

Nancy K. Neidich
www.ch13herkert.com
POB 279806
Miramar, FL 33027

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

/s/ *Jeffrey S. Fraser, Esq.*
Jeffrey S. Fraser, Esq.
FBN 85894
813-221-4743 ext. 2499
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com
Alternate: jfraser@albertellilaw.com

ALAW FILE NO. 16-024972